UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA J. MARTIN, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| EDUCATIONAL SERVICE CENTER OF | ) | |
| CENTRAL OHIO GOVERNING BOARD | ) | |
| (also known as THE BOARD OF | ) | |
| EDUCATION OF THE EDUCATIONAL | ) | |
| SERVICE CENTER OF CENTRAL | | |
| OHIO), et al., | | |
| | | |
| Defendants | | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO:

1.      On September 22, 2017, Plaintiff Cynthia J. Martin commenced an action in the Franklin County Court of Common Pleas, Ohio, bearing Case No. 17CV008583 entitled "*Cynthia J. Martin v. Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio) and Michael Trego and Lynn Brannon,*" praying judgment against Defendants.  Said action is predicated on alleged violations of Plaintiff's rights secured under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. Said action is wholly of a civil nature of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1337(a) and/or 1331 and 29 U.S.C. §216, and is one which may be removed to this Court pursuant to the provisions of Title 28 United States Code Section 1441(a), as being a civil action involving a claim or claims over which this Court has original jurisdiction and involving a claim or right arising under the Constitution, treaties or

laws of the United States, all of which more fully appears in the Plaintiff's Complaint, a copy of which is attached hereto and incorporated herein by reference.

2.　　Said action also contains certain pendent state law claims over which this Court has jurisdiction under the provisions of 28 United States Code Section 1367.

3.　　A copy of the Summons and Complaint in the case aforesaid was served upon Defendant Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio) on September 28, 2017, Defendant Lynn Brannon on October 5, 2017, and Defendant Michael Trego on or about September 30, 2017 under and by virtue of Rule 4.1 of the Ohio Rules of Civil Procedure.

4.　　Notice was sent to Defendant Trego on September 26, 2017 and he received the Complaint on or about September 30, 2017, although the Franklin County Court of Common Pleas' docket does not yet reflect this service.

4.　　Defendants attach hereto, and file herewith, a copy of the Summons and Complaint served as aforesaid, as well as copies of all other process, pleadings and orders served upon them.

5.　　All Defendants join in this Notice of Removal.

WHEREFORE, Defendants Educational Service Center of Central Ohio Governing Board, Michael Trego and Lynn Brannon pray that the case presently pending in the Franklin County Court of Common Pleas against them be removed to this Court and proceed herein according to law.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Stacy V. Pollock*
STACY V. POLLOCK (0080229)
175 South Third Street
Suite 1000
Columbus, OH 43215
(614) 228-5931
(614) 228-5934 – Fax
Email: spollock@mrrlaw.com

*Counsel for Defendants Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio), Michael Trego, and Lynn Brannon*

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, October 25, 2017, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Stacy V. Pollock*
STACY V. POLLOCK (0080229)

*Counsel for Defendants Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio), Michael Trego, and Lynn Brannon*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583

0D823 - T25

# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **CYNTHIA J. MARTIN**<br>704 Wynstone Dr.,<br>Lewis Center, OH 43035 | : <br> : <br> : | |
| Plaintiff, | : | **CASE NO.** |
| | : <br> : | |
| v. | : | **JUDGE** |
| | : <br> : | |
| **EDUCATIONAL SERVICE CENTER<br>OF CENTRAL OHIO<br>GOVERNING BOARD<br>(also known as THE BOARD<br>OF EDUCATION OF THE<br>EDUCATIONAL SERVICE CENTER<br>OF CENTRAL OHIO)**<br>2080 Citygate Dr.,<br>Columbus, OH 43219 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Jury Demand Endorsed Herein** |
| and | : <br> : | |
| **MICHAEL TREGO**<br>7653 Old Foxe Ct.,<br>Columbus, OH 43235 | : <br> : <br> : | |
| and | : <br> : | |
| **LYNN BRANNON**<br>6082 Manshire Ct.,<br>Galloway, OH 43119 | : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Cynthia Martin, by and through her attorney, Terrence Wheeler, states the

following as her Complaint against Defendants Educational Service Center of Central Ohio

Governing Board, Michael Trego and Lynn Brannon, as follows:

1

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 5 of 30 PAGEID #: 5
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T26

## PRELIMINARY STATEMENT

1. Plaintiff, Cynthia Martin, brings this action against the Educational Service Center of Central Ohio Governing Board, Michael Trego, and Lynn Brannon (collectively the "Defendants").

2. Plaintiff's claims against Defendants are for (1) violations of the Fair Labor Standards Act (hereinafter known as "FLSA"), as amended 29 U.S.C. 201 et. seq., (2) violation of the Ohio Minimum Wage Standards Act, R.C. 4111 et. seq., (3) violation of the Ohio Constitution's Minimum Wage Laws, Article II, Section 34(a), (4) violation of Ohio Age Discrimination Law, R.C. 4112.14, (5) Breach of Contract, (6) Intentional Infliction of Emotional Distress and (7) Fraudulent Inducement.

3. Defendants terminated Plaintiff's employment without cause despite having offered her an oral employment contract, which Plaintiff accepted.

4. Defendants subjected Plaintiff to discrimination and retaliation because she was a 61 year old woman. On September 22, 2015, after more than 15 years of service to Educational Service Center of Central Ohio Governing Board, Defendants summarily fired Plaintiff and replaced her with an employee who is significantly younger.

5. Defendants refused to pay Plaintiff a minimum wage – or any wage at all – for work she performed for the Educational Service Center of Central Ohio Governing Board between August 31, 2015 and September 22, 2015.

6. Defendant Trego engaged in extreme and outrageous conduct intended to cause the plaintiff serious emotional distress and his conduct was the proximate cause of plaintiff's serious emotional distress.

2

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 6 of 30 PAGEID #: 6
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T27

7. Defendant Trego made false promises and material misrepresentations with the intent of inducing Plaintiff to rely on those promises and misrepresentations and to sign the resignation document he had prepared for her.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by R.C. 2305.01 for Plaintiff's state law claims.

9. Jurisdiction is conferred on this Court by 29 U.S.C 216(b) and R.C. §2305.01 for Plaintiff's FLSA claims.

10. Venue is proper in this Court pursuant to Ohio Civ.R. 3(B)(2) and (3).

## PARTIES

11. Plaintiff is a natural person currently residing in Lewis Center, Ohio.

12. At all times relevant to this Complaint, Plaintiff worked as an employee as defined in 29 U.S.C. 203(e) and R.C. 3121.89(B).

13. Educational Service Center of Central Ohio Governing Board also known as Board of Education of the Educational Service Center of Central Ohio ("ESC") is an educational service center and an Ohio political subdivision pursuant to Ohio law, including, but not limited to, Ohio Revised Code Chapter 3311 and Ohio Revised Code 2744 with its principal place of business in Columbus, Franklin County, Ohio.

14. At all times relevant to this Complaint, ESC was an employer as defined in 29 U.S.C. 203(d) and R.C. 3121.89(C).

3

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 7 of 30 PAGEID #: 7
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T28

15. At all times relevant to this Complaint, Defendant Trego is the Deputy Superintendent for ESC and a natural person who is currently domiciled in Columbus, Ohio which is located in Franklin County.

16. At all times relevant to this Complaint, Defendant Trego was a person and/or employer as defined by R.C. 4112.01 and R.C. 4112.02.

17. At all times relevant to this Complaint, Defendant Brannon was Plaintiff's supervisor and a natural person who is currently domiciled in Galloway, Ohio which is located in Franklin County.

18. At all times relevant to this Complaint, Defendant Brannon was a person and/or employer as defined by 4112.01 and 4112.02.

### FACTS

19. In or around 1998, Plaintiff began working for the Delaware Educational Service Center.

20. Plaintiff worked for the Delaware Educational Service Center as the GOAL Program Coordinator for about 10 years.

21. Delaware Educational Service Center merged with Franklin County Educational Service Center on or about January 1, 2009. The merger created the Educational Service Center of Central Ohio (ESC).

22. Plaintiff was told no employees would lose their job due to the merger.

23. After the merger, the GOAL program closed and Plaintiff was assigned to work in the Delaware Arts Academy with special education students until it was also closed.

4

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 8 of 30 PAGEID #: 8
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T29

24. On June 17, 2011, Plaintiff and Defendant ESC entered into a three-year contract for Plaintiff to perform the duties of ESC Alternative Education Teacher at an initial salary of $64,080.72.

25. Plaintiff was assigned to Eastland Career Center to work in the Connections Program at the beginning of the 2011 – 2012 school year.

26. Lynn Brannon ("Brannon") was Plaintiff's supervisor (Plaintiff had another supervisor between her and Brannon. Brannon was not her direct supervisor) at Eastland Career Center Connections Program.

27. Plaintiff was not provided any additional training when she was transferred to Eastland Career Center to work in the Connections Program.

28. On July 16, 2012, Defendant ESC provided Plaintiff with a notice that her salary would increase to $64,692.65 for the 2012 – 2013 school year.

29. On July 30, 2013, Defendant ESC provided Plaintiff with a notice that her salary would increase to $68,028.36 for the 2013 – 2014 school year.

30. On August 6, 2014, Plaintiff and Defendant ESC entered into a one-year contract for Plaintiff to perform the duties of ESC Alternative Education Teacher for the 2014 – 2015 school year at a salary of $69,388.77.

31. Plaintiff obtained a five-year Professional License – High School Principal (7-12) with an effective date of July 1, 2014 and an expiration date of June 30, 2019.

32. Plaintiff obtained a five-year Professional License – Superintendent with an effective date of

5

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 9 of 30 PAGEID #: 9
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T30

July 1, 2014 and an expiration date of June 30, 2019.

33. During the 2014 – 2015 school year, Plaintiff obtained a one-year Supplemental License – Intervention Specialist (K-12) with an effective date of July 1, 2014 and expiration date of June 30, 2015.

34. Plaintiff attended the "check out day" held by ESC around June 2015 and told her supervisor Brannon that she would like to be assigned to another location for the 2015 – 2016 school year, but Brannon said she would probably be assigned to Eastland Career Center again.

35. On "check out day," Plaintiff told Brannon that her Supplemental License – Intervention Specialist (K-12) would expire on June 30, 2015, but Brannon told her not to worry because the state will always back date the license once the courses are completed.

36. On or about "check out day," Brannon asked Plaintiff how much longer she planned to work and told her that "we don't feel anyone over 60 is effective in the classroom."

37. Plaintiff was 59 years old on "check out day."

38. Defendant ESC notified Plaintiff by postcard that she was to attend the ESC Opening Staff Meeting on August 5, 2015.

39. On August 5, 2015, Plaintiff attended the Opening Staff Meeting and she accepted ESC's offer of employment and began performing the duties of ESC Alternative Education Teacher at Eastland Career Center.

40. Defendant Brannon told Plaintiff at the Opening Staff Meeting that she was assigned to the Eastland Career Center for the 2015 – 2016 school year and she was told that ESC was

6

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 10 of 30 PAGEID #: 10
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T31

behind on completing contracts but that she would be receiving one at a later date.

41. Plaintiff never received the written employment contract that was to follow the oral employment contract that she and ESC had entered into on or about August 5, 2015.

42. Plaintiff was to be paid a salary of $70,775.76 as an ESC Alternative Education Teacher at Eastland Career Center for the 2015 – 2016 school year.

43. Plaintiff received pay for her work as an ESC Alternative Education Teacher at Eastland Career Center for the pay periods from August 5, 2015 – August 28, 2017 at the rate consistent with a salary of $70,775.76.

44. On September 22, 2015, Plaintiff was asked to meet with Defendant Brannon, Defendant Trego, and Lewis Steman, who was the ESC Human Resource Supervisor, at the ESC headquarters at 2080 Citygate Dr., Columbus, Ohio.

45. On September 22, 2015, although Plaintiff was not told about the nature of the meeting, she attended the meeting with Defendant Brannon, Defendant Trego and Steman, at the ESC headquarters at 2080 Citygate Dr., Columbus, Ohio ("meeting").

46. Defendants took Plaintiff's mobile telephone from her before beginning the meeting.

47. During the meeting, Defendant Trego told Plaintiff that "we do not feel that anyone over 60 is effective in the classroom."

48. During the meeting, Defendant Trego presented Plaintiff with a piece of paper that stated, "For personal reasons, I am hereby submitting my unconditional resignation from all employment with the Educational Service Center of Central Ohio, effective immediately."

7

0D823 - T32

49. Defendant Trego told Plaintiff to resign or she would be terminated immediately.

50. When Plaintiff tried to ask questions during the meeting, Defendant Trego physically intimidated Plaintiff by pounding his fist on the table and raising his voice.

51. During the meeting, Defendant Trego told Plaintiff that after her employment with ESC is terminated that Plaintiff "can always go to "jewtopia" with the rest of your kind. You know, Boca."

52. During the meeting, Defendant Trego told Plaintiff that "If you leave now, we will tell unemployment it is a reduction in force."

53. During the September 22, 2015 meeting, Defendant Trego told Plaintiff that she could take courses and serve as a substitute through ESC.

54. During the September 22, 2015 meeting, Defendant Trego told Plaintiff that ESC would provide Plaintiff with a letter stating that she had three years of experience as an Intervention Specialist so she could apply for supervisory positions.

55. During the meeting, Defendant Trego told Plaintiff if she did not resign at this exact moment that "I can ruin you. I will make sure you never work again."

56. During the meeting, Defendant Trego told Plaintiff that sometimes what he does if a potential employer calls about a former employee he will tell the potential employer that they suspected the former employee of having sex with a student, using illegal drugs, or having alcohol abuse problems, but then he will call back later and say he was mistaken. Defendant Trego says that even after saying he was mistaken, he knows the thought is still in the

8

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 12 of 30 PAGEID #: 12
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T33

potential employer's mind.

57. Defendant Trego's actions, threats and discriminatory statements were willful, intentional, reckless, extreme, outrageous and malicious.

58. Defendant Trego's actions, threats and discriminatory statements inflected serious emotional distress on Plaintiff both during and after the meeting.

59. As a result of Defendant Trego's improper threats and intimidation, Defendant Trego compelled Plaintiff to sign the resignation document he had prepared for her.

60. Plaintiff signed the resignation document under duress and her signature was neither willing nor voluntary.

61. Defendant Trego's actions after the meeting demonstrate that he not only used duress to compel Plaintiff to sign the resignation document, but that he also made fraudulent statements to induce Plaintiff to sign the resignation document.

62. Despite Defendant Trego's promises and Plaintiff's repeated requests, ESC never provided Plaintiff with a letter stating that she had three years of experience as an Intervention Specialist.

63. Plaintiff requested a BCI/FBI background check, which is one of the requirements for a person to register as a substitute teacher with ESC.

64. All training required for anyone wanting to be a substitute teacher through ESC is provided at the ESC headquarters.

65. Despite Defendant Trego's promises, on or about October 9, 2015, Defendant Trego called

9

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 13 of 30 PAGEID #: 13
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T34

Plaintiff and told her that if she came to the ESC headquarters, she would escorted out because she was banned from the building.

66. As a result, Defendants prevented Plaintiff from serving as a substitute teacher through ESC.

67. Plaintiff received only good performance evaluations from ESC and its predecessor organization.

68. Defendants terminated Plaintiff's employment with ESC on September 22, 2015.

69. After Plaintiff's termination, ESC hired a male significantly younger than her to perform the same duties Plaintiff had been performing.

70. Plaintiff received compensation from ESC at a rate consistent with a salary of $70,775.76 for work from August 5, 2017 through August 28, 2017.

71. ESC used a direct deposit in the amount of $1,923.77 into Plaintiff's bank account on September 18, 2015 to compensate Plaintiff for work she performed for ESC during the pay period of August 31, 2015 through September 11, 2015.

72. However, Defendants intentionally reversed the direct deposit and withdrew the full amount of $1,923.77 from Plaintiff's bank account without her knowledge or consent on September 23, 2015. As a result, Plaintiff was paid no wages for work she performed for ESC during the pay period of August 31, 2015 through September 11, 2015

73. As a result, Defendants have not provided any compensation to Plaintiff for work she performed for ESC on August 31 – September 4, September 7 – 11, September 14 – 18 and September 21 – 22, 2015.

10

74. After ESC reversed the direct deposit, Plaintiff called Defendant Trego and requested that ESC pay her for work she performed for ESC during the pay period of August 31, 2015 through September 11, 2015, but Defendant Trego refused.

75. As a result of Defendants' actions, Plaintiff has been denied State Teachers Retirement System (STRS) credits for her time worked between August 31, 2015 and September 22, 2015.

## COUNT ONE

### Violation Of Minimum Wage Compensation Under the
### Fair Labor Standards Act 29 U.S.C. 201 et. seq.

76. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-75 of this Complaint.

77. By not paying Plaintiff minimum wage or any wages at all for work she performed for ESC on August 31 – September 4, September 7 – 11, September 14 – 18 and September 21 – 22, Defendants have violated the FLSA, 29 U.S.C. 206(a).

78. Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

79. Defendants have knowingly and willfully failed to pay Plaintiff for work she performed for ESC.

80. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount in excess of $25,000.00.

11

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 15 of 30 PAGEID #: 15
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T36

## COUNT TWO

**Violation Of Minimum Wage Compensation Under the**

**Ohio Minimum Wage Standards Act R.C. 4111 et. seq.**

81. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-80 of this Complaint.

82. By not paying Plaintiff minimum wage or any wage at all for work she performed for ESC on August 31 – September 4, September 7 – 11, September 14 – 18 and September 21 – 22, Defendants have violated the Ohio Minimum Wage Standards Act, R.C. 4111 et seq.

83. Defendants' repeated and knowing failure to properly pay Plaintiff was, and continues to be, a violation of R.C. 4111 et seq.

84. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount in excess of $25,000.00.

## COUNT THREE

**Violation of the Ohio Constitution Minimum Wage Law**

85. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-84 of this Complaint.

86. By not paying Plaintiff minimum wage or any wage at all for work she performed for ESC on August 31 – September 4, September 7 – 11, September 14 – 18 and September 21 – 22, Defendants have violated the Ohio Constitution, Article II, Section 34(a).

87. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues

0D823 - T37

to suffer damages in an amount in excess of $25,000.00

## COUNT FOUR

### Discriminatory Termination Based On Age in Violation of

### the Ohio Age Discrimination Law R.C. 4112.14

88. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-87 of this Complaint.

89. Plaintiff was 61 years old and qualified for her position when Defendants fired her.

90. Defendants engaged in unlawful discriminatory practices when they terminated Plaintiff's employment to implement their stated position and policy that no one over the age of 60 was effective in the classroom.

91. Defendant Trego engaged in unlawful discriminatory practices by acting to aid, abet and incite ESC's unlawful discriminatory practices against Plaintiff and to compel or coerce others to engage in unlawful discriminatory practices against Plaintiff.

92. Defendant Brannon engaged in unlawful discriminatory practices by acting to aid, abet and incite ESC's unlawful discriminatory practices against Plaintiff and to compel or coerce others to engage in unlawful discriminatory practices against Plaintiff.

93. Plaintiff's age was a determining factor in Defendants' decision to terminate Plaintiff's employment with ESC.

94. Immediately after firing Plaintiff, Defendants filled her position with a man who was under

13

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 17 of 30 PAGEID #: 17
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T38

the age of 40, which is substantially younger than her.

95. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including past and future wage lost and benefits and the costs of bringing this action.

96. Defendants willfully violated Plaintiff's rights under R.C. 4112 and, as a result, Defendants Trego and Brannon are personally liable for Plaintiff's damages.

97. Plaintiff states in the alternative that Defendant ESC is vicariously liable for the willful actions of Defendant Trego and Defendant Brannon to violate Plaintiff's rights under R.C. 4112.

98. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff has suffered and continues to suffer damages in an amount in excess of $25,000.00.

## COUNT FIVE

### Breach of Implied Contract

99. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-98 of this Complaint.

100. Plaintiff entered into a service agreement through conduct in which the ESC became obligated to Plaintiff to pay a sum of money.

101. Plaintiff and Defendant mutually consented to their obligations undertaken by them.

102. Plaintiff and Defendant had a meeting of the minds which is shown through each parties intent by their reasonable conduct.

14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583

0D823 - T39

103.   Plaintiff fully completed her part of the contract until her date of termination.

104.   By terminating Plaintiff's employment without just cause, Defendants have breached contractual obligations to Plaintiff.

105.   Plaintiff has been harmed by Defendants' breach of the contract in an amount in excess of $25,000.00.

## COUNT SIX

### Intentional Infliction of Emotional Distress

106.   Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-105 of this Complaint.

107.   Defendant Trego, in his efforts to coerce Plaintiff to sign the resignation document, engaged in extreme and outrageous conduct, which conduct will be more fully described at trial.

108.   Defendant intended to cause Plaintiff serious emotional distress so that Plaintiff would sign the resignation document.

109.   Defendant's conduct is the proximate cause of the serious emotional distress that Plaintiff has suffered.

110.   Plaintiff has been harmed by Defendant Trego's extreme and outrageous conduct in an amount in excess of $25,000.00.

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 19 of 30 PAGEID #: 19
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T40

## COUNT SEVEN

### Fraud

111.     Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1-110 of this Complaint.

112.     Defendant Trego made false promises and material misrepresentations with the intent of inducing Plaintiff 's reliance on those promises and misrepresentations.

113.     Plaintiff relied on Defendant Trego's promises and misrepresentations to her detriment.

114.     Plaintiff has been harmed by Defendant Trego's intentional false promises and material misrepresentations in an amount in excess of $25,000.00.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.     Accept jurisdiction over this matter;

B.     Award Plaintiff actual and compensatory damages, with interest;

C.     Award Plaintiff punitive damages;

D.     Award Plaintiff injunctive relief and reinstatement;

E.     Award Plaintiff for her past and future loss of wages and benefits, plus interest;

F.     Award to Plaintiff liquidated damages incurred in connection with this action;

G.     Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

H.     Award to Plaintiff all other remedies available, as permitted in R.C. 4112, The Ohio Constitution, R.C. 4111 and 29 U.S.C. 206; and

I.     Award Plaintiff prejudgment interest, post-judgment interest and such additional or

16

Case: 2:17-cv-00942-ALM-CMV Doc #: 1 Filed: 10/25/17 Page: 20 of 30 PAGEID #: 20
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583
0D823 - T41

alternative relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Terrence T. Wheeler

Terrence T. Wheeler (0030311)
Artz, Dewhirst & Wheeler, LLP
560 E. Town Street
Columbus, Ohio 43215
(614) 221-0944; Fax: (614) 221-2340
twheeler@adwllp.com
*Attorney for Plaintiff Cynthia J. Martin*

## JURY DEMAND

Now comes Plaintiff Cynthia J. Martin, by and through her undersigned counsel, and

hereby demands a trial by jury on all issues herein.

Respectfully Submitted,

/s/ Terrence T. Wheeler

Terrence T. Wheeler (0030311)
Artz, Dewhirst & Wheeler, LLP
560 E. Town Street
Columbus, Ohio 43215
(614) 221-0944; Fax: (614) 221-2340
twheeler@adwllp.com
*Attorney for Plaintiff Cynthia J. Martin*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583

0D823 - T42

## VERIFICATION

Cynthia J. Martin, being first duly cautioned and sworn, deposes and states that this verification is upon her own knowledge, information and belief, that she has read the foregoing Complaint, and that the averments contained in it are true and accurate to the best of her knowledge, information, and belief.

_____
Cynthia J. Martin

Sworn to before me and subscribed in my presence this 22nd day of September 2017.

_____
Notary Public

MERRY LYNNE LINCOVE
NOTARY PUBLIC
STATE OF OHIO
My Comm. Expires February 24, 2015

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 22 4:14 PM-17CV008583

0D823 - T44

# MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

### JULIE LYNCH

CASE TITLE: CYNTHIA J MARTIN -VS- EDUCATIONAL SERVICE      CASE NUMBER: 17CV008583
CENTER CENTRAL OH ET AL

## CLERK'S ORIGINAL CASE SCHEDULE

|   | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 09/22/17 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 02/09/18 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 04/06/18 |
| DISPOSITIVE MOTIONS | 06/29/18 |
| DISCOVERY CUT-OFF | 07/13/18 |
| DECISIONS ON MOTIONS | 08/24/18 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 09/24/18 0900AM |
| TRIAL ASSIGNMENT | 10/22/18 0900AM |

E2805 - N27



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CYNTHIA J. MARTIN
704 WYNSTONE DR
LEWIS CENTER, OH 43035,

PLAINTIFF,
VS.
EDUCATIONAL SERVICE CENTER CENTRAL OH
GOVERNING BD
2080 CITYGATE DR
COLUMBUS, OH 43219,

DEFENDANT.

17CV-09-8583
CASE NUMBER

**** SUMMONS ****

TO THE FOLLOWING NAMED DEFENDANT:
    EDUCATIONAL SERVICE CENTER CENTRAL OH
    GOVERNING BD
    2080 CITYGATE DR
    COLUMBUS, OH 43219

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    CYNTHIA J. MARTIN
       704 WYNSTONE DR
       LEWIS CENTER, OH 43035,

                                        PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
       TERRENCE T. WHEELER
       ARTZ DEWHIRST WHEELER
       560 E TOWN STREET
       COLUMBUS, OH 43215

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: MARIA J. BELAK, DEPUTY CLERK

(CIV370-S03)

E2805 - N26



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CYNTHIA J. MARTIN
704 WYNSTONE DR
LEWIS CENTER, OH 43035,

PLAINTIFF,
VS.

EDUCATIONAL SERVICE CENTER CENTRAL OH
GOVERNING BD
2080 CITYGATE DR
COLUMBUS, OH 43219,

DEFENDANT.

17CV-09-8583

CASE NUMBER

09/22/1?

**** SUMMONS ****

TO THE FOLLOWING NAMED DEFENDANT:
    MICHAEL TREGO
    7653 OLD FOXE CT
    COLUMBUS, OH 43235

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    CYNTHIA J. MARTIN
       704 WYNSTONE DR
       LEWIS CENTER, OH 43035,

                                        PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
    TERRENCE T. WHEELER
    ARTZ DEWHIRST WHEELER
    560 E TOWN STREET
    COLUMBUS, OH 43215

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: MARIA J. BELAK, DEPUTY CLERK

(CIV370-S03)



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CYNTHIA J. MARTIN
704 WYNSTONE DR
LEWIS CENTER, OH 43035,

PLAINTIFF,

VS.

EDUCATIONAL SERVICE CENTER CENTRAL OH
GOVERNING BD
2080 CITYGATE DR
COLUMBUS, OH 43219,

DEFENDANT.

17CV-09-8583

**CASE NUMBER**

**** SUMMONS ****

09/22/17

TO THE FOLLOWING NAMED DEFENDANT:
    LYNN BRANNON
    6082 MANSHIRE CT
    GALLOWAY, OH 43119

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    CYNTHIA J. MARTIN
       704 WYNSTONE DR
       LEWIS CENTER, OH 43035,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS: .
       TERRENCE T. WHEELER
       ARTZ DEWHIRST WHEELER
       560 E TOWN STREET
       COLUMBUS, OH 43215

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: MARIA J. BELAK, DEPUTY CLERK

(CIV370-S03)

E2805 - P78

FROM

**MARYELLEN O'SHAUGHNESSY**
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2017 SEP 26 AM 10:05
CLERK OF COURTS-CV

09/25/17

EDUCATIONAL SERVICE C
GOVERNING BD
2080 CITYGATE DR
COLUMBUS, OH
            43219

17CV-09-8583    H

CYNTHIA J. MARTIN
     VS
EDUCATIONAL SERVICE C

SERVICE ITEM: 01
  ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522802040155

CIV354

E2805 - P79

FROM

**MARYELLEN O'SHAUGHNESSY**
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D ,
M A I L
R E C E I P T

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2017 SEP 26 AM 10: 05
CLERK OF COURTS-CV

09/25/17

MICHAEL TREGO
7653 OLD FOXE CT
COLUMBUS, OH
43235

17CV-09-8583   H

CYNTHIA J. MARTIN
VS
EDUCATIONAL SERVICE C

SERVICE ITEM: 01
ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522802040148

CIV354

E2805 - P80

FROM

**MARYELLEN O'SHAUGHNESSY**
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2017 SEP 26 AM 10: 05
CLERK OF COURTS-CV

09/25/17

LYNN BRANNON
6082 MANSHIRE CT
GALLOWAY, OH
            43119

17CV-09-8583   H

CYNTHIA J. MARTIN
        VS
EDUCATIONAL SERVICE C

SERVICE ITEM: 01
  ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522802040131

CIV354

E2809 - F33


**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 10/02/2017

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2802 0401 55. Our records indicate that this item was delivered on 09/28/2017 at 01:08 p.m. in COLUMBUS, OH 43219. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 4321917CV008583MART

E2811 - N65

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 10/09/2017

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2802 0401 31. Our records indicate that this item was delivered on 10/05/2017 at 03:51 p.m. in GALLOWAY, OH 43119. The scanned image of the recipient information is provided below.

Signature of Recipient :

*[signature]*
Lynn Brannon

Address of Recipient :

6082 Manshire Ct.

*[stamp: FILED COMMON PLEAS COURT FRANKLIN CO. OHIO 2017 OCT 12 PM 2: 03 CLERK OF COURTS]*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 4311917CV008583MART