UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN

| | |
|---|---|
| CYNTHIA J. MARTIN, | ) CASE NO.: 2:17-CV-00942 |
| | ) |
| Plaintiff, | ) JUDGE: |
| | ) |
| vs. | ) **JOINT MOTION FOR COURT** |
| | ) **APPROVAL OF SETTLEMENT** |
| EDUCATIONAL SERVICE CENTER OF CENTRAL OHIO GOVERNING BOARD (also known as THE BOARD OF EDUCATION OF THE EDUCATIONAL SERVICE CENTER OF CENTRAL OHIO), et al., | ) ) ) ) ) |
| Defendants | |

Now come the parties, by and through their respective counsel, and hereby move this Court for approval of the settlement of Plaintiff's claims for unpaid overtime under the Fair Labor Standards Act pursuant to 29 U.S.C. §216(b).  A memorandum in support of this Motion as well as the parties' executed Settlement Agreement is attached hereto.

Respectfully submitted,

| | |
|---|---|
| *s/ Terrence T. Wheeker (per authority 9-26-18)* | *s/Stacy V. Pollock                              .* |
| TERRENCE T. WHEELER (0030331) | STACY V. POLLOCK  (0080229) |
| ARTZ, DEWHIRST & WHEELER, LLP | MAZANEC, RASKIN & RYDER CO., L.P.A |
| 560 E. Town Street | 175 South Third Street |
| Columbus, OH 43215 | Suite 1000 |
| (614) 221-0944 | Columbus, OH  43215 |
| (614) 221-2340 – FAX | (614) 228-5931 |
| Email: twheeler@adwllp.com | (614) 228-5934 – FAX |
| *Counsel for Plaintiff Cynthia J. Martin* | Email:spollock@mrrlaw.com |
| | *Counsel for Defendants Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio), Michael Trego, and Lynn Brannon* |

**MEMORANDUM IN SUPPORT**

Plaintiff was a teacher for Defendant Educational Service Center of Central Ohio Governing Board ("ESC"). Defendants Michael Trego and Lynn Brannon are employees of Defendant ESC. Plaintiff's lawsuit alleges in part that Defendants failed to pay her wages under the Fair Labor Standards Act ("FLSA") and Ohio's corresponding wage laws. The Parties engaged in limited written informal discovery and in detailed settlement negotiations that included analyses of each side's strengths and weaknesses.

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982); *see also Vigna v. Emery Federal Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio 2016); *Gentrup v. Renovo Serv., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011).

The Parties reached a settlement with respect to Plaintiff's claims, contingent upon this Court's approval. (Exhibit A.) To assist the Court in its evaluation of the fairness of this settlement, the Parties provide the following explanation which gave rise to the settlement:

The dispute over wages centers around approximately two weeks' pay of work that Plaintiff worked during the 2015-2016 school year. Defendants contend that Plaintiff could not be paid at the ESC Board approved teacher's rate because she did not hold a valid teaching license during the 2015-2016 school year. She could therefore only be paid at a lesser rate, so long as the rate did not fall below the state and federal minimum wage amounts. Plaintiffs contend that she was not paid for all time worked. Nevertheless, the Parties have a good faith dispute over whether

Plaintiff was entitled to additional wages under the FLSA. The Parties, who are both represented by legal counsel regularly practicing in the field of employment law, agreed to the payment of $3,361.85. This amount is allocated as wages that is proportional to the likelihood of success each Party estimates if this matter were to proceed through trial. This amount compensates Plaintiff as she would have been compensated under the FLSA and corresponding Ohio wage laws, including liquidated damages, attorney fees, and costs.

As noted in the Settlement Agreement, the Parties have entered into an agreement for the payment of additional monies to resolve the remaining claims and any other claims Plaintiff could have brought against the Defendants. This agreement does not need Court approval to effectuate the settlement, and is intended to serve as consideration for the Plaintiff's release of all remaining and potential claims.

As the settlement provides Plaintiff the relief to which she is entitled under the FLSA, the Parties respectfully request that the Court enter an Order approving the settlement of Plaintiff's claims under the FLSA and Ohio wage laws.

Respectfully submitted,

| | |
|---|---|
| *s/ Terrence T. Wheeker (per authority 9-26-18)* | *s/Stacy V. Pollock* . |
| TERRENCE T. WHEELER (0030331) | STACY V. POLLOCK (0080229) |
| ARTZ, DEWHIRST & WHEELER, LLP | MAZANEC, RASKIN & RYDER CO., L.P.A |
| 560 E. Town Street | 175 South Third Street |
| Columbus, OH 43215 | Suite 1000 |
| (614) 221-0944 | Columbus, OH 43215 |
| (614) 221-2340 – FAX | (614) 228-5931 |
| Email: twheeler@adwllp.com | (614) 228-5934 – FAX |
| *Counsel for Plaintiff Cynthia J. Martin* | Email:spollock@mrrlaw.com |
| | *Counsel for Defendants Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio), Michael Trego, and Lynn Brannon* |

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018, a copy of the foregoing Joint Motion for Court Approval of Settlement was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Stacy V. Pollock*
STACY V. POLLOCK  (0080229)

*Counsel for Defendants Educational Service Center of Central Ohio Governing Board (also known as The Board of Education of the Educational Service Center of Central Ohio), Michael Trego, and Lynn Brannon*
