## RELEASE OF ALL CLAIMS AND DEMANDS

This Release and Settlement Agreement entered into this 1st day of October, 2018 by and between Cynthia Martin (hereinafter "Plaintiff") and the Educational Service Center of Central Ohio Governing Board, Lynn Brannon and Michael Trego (hereinafter "Releasees") is to evidence the following understanding and agreements.

WHEREAS, Plaintiff filed a Complaint styled *Cynthia Martin v. Educational Service Center of Central Ohio Governing Board, et al.*, pending in the U.S. District Court for the Southern District of Ohio, Case No. 2:17-cv-00942, alleging that Releasees failed to pay her wages as required by the Fair Labor Standards Act ("FLSA") and related Ohio wage laws. Plaintiff also alleges that Releasees engaged in other state claims including age discrimination, breach of implied contract, intentional infliction of emotional distress and fraud.

WHEREAS, Releasees deny all of Plaintiff's allegations; and

WHEREAS, all parties hereto, desire to settle and forever resolve the claims of Plaintiff on the terms and conditions herein set forth;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties agree as follows:

1. Releasee shall pay the total sum of Twenty Four Thousand Dollars ($24,000), as settlement of all of Plaintiff's claims. Payment shall be made in two (2) checks that shall be designated in the following manner: one check to Cynthia Martin in the amount of $3,361.85 as settlement of her FLSA and Ohio wage claims which shall be subject to a W-2, a second check to Cynthia Martin in the amount of $20,638.15 to compensate for damages related to the Plaintiff's remaining claims. Said checks will be served upon legal counsel for Plaintiff within thirty (30) days of the Court's approval of the settlement.

2.     The receipt and sufficiency of such consideration being hereby acknowledged, the undersigned hereby releases and forever discharges the Releasees, their heirs, executors, administrators, representatives, successors, assignees or beneficiaries, and any and all persons, firms, associations, officers, subsidiaries, agents, employees, successors and assigns, including, but not limited to, insurers who are or may ever become liable to the undersigned, for any and all liability, negligence, claims, demands, damages, actions, liens, promises, trespasses, judgments, executions, debts, accounting, and causes of action of every kind, including any claim for interest on this settlement or any claim for attorney fees, known or unknown, arising out of or in any way connected with the occurrence out of which it is claimed the undersigned suffered injury and/or damages as a result of any actions on the part of any of the Releasees, including but not limited to any all claims arising out of her employment including but not limited to, any right or claim arising under the Federal Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Genetic Information and Discrimination Act, the United States Constitution, the Ohio Constitution, Ohio Revised Code Chapters 4112, 4113 and 4123, any other employment discrimination laws, and the common law of the State of Ohio, as well as any and all actions which are, or could have been filed against the Releasees.

3.     Plaintiff acknowledges that she has a period of twenty-one (21) days from the date of delivery of this Agreement to accept this Agreement.  Plaintiff also agrees that she has seven (7) days following her execution of this Agreement to revoke the Agreement by providing the Releasees with her written notice of revocation.  If this Agreement is not revoked by Plaintiff during the seven (7) day period, it shall be deemed accepted.  This Agreement shall not be effective or enforceable until the revocation period has expired.

Notwithstanding the fact that Releasees have allowed Plaintiff twenty-one (21) days to consider this Agreement, Plaintiff may elect to execute this Agreement prior to the end of such 21-day period.  If Plaintiff elects to execute this Agreement prior to the end of the 21-day period, then by her signature below, Plaintiff represents that her decision to accept this shortening of the time was knowing and voluntary and was not induced by fraud, misrepresentation, or any threat to withdraw or alter the benefits provided by Releasees, or by Releasees providing different terms to any similarly-situated employee executing this Agreement prior to the end of such 21-day period.

4. Any and all attorney fees and/or costs incurred by Plaintiff or on her behalf will be paid solely by Plaintiff out of these settlement proceeds.

5. Plaintiff agrees to be responsible for the taxation on this settlement payment and agrees to accept the tax consequences of any IRS classification of these settlement proceeds.

6. It is further understood and agreed that by offering the consideration outlined in this Release and regardless of the designated breakdown of the consideration, the Releasees do not admit any violation of law, liability, or invasion of any rights and that any such violation or liability is expressly denied by the Releasees.

7. Future employer reference inquiries for Plaintiff will be directed to Superintendent Tom Goodney.  He will provide dates of employment, positions held and confirmation that Plaintiff resigned.  Superintendent Goodney will also provide two (2) original copies of a letter confirming these details and notice that he is the contact person for her references to Plaintiff no later than thirty (30) days after the Court approves the settlement of the FLSA claims.

8. Plaintiff and Releasees mutually agree that they will not slander, disparage or in any other way attempt to injure the business or reputation or good will of each other by any means.

9. Upon approval by the Court of the settlement of the Plaintiff's FLSA claims and upon subsequent delivery of all settlement checks, Plaintiff agrees to dismiss with prejudice all

claims pending in *Cynthia Martin v. Educational Service Center of Central Ohio Governing Board, et al.*, pending in the U.S. District Court for the Southern District of Ohio, Case No. 2:17-cv-00942.

10. Plaintiff understands and agrees that the settlement is contingent upon court approval of the settlement of her claims filed under the FLSA and corresponding Ohio wage laws. The settlement will be voided in the event that the Court does not approve the settlement of those claims.

11. The consideration provided herein is made entirely for the purposes of settling a dispute, to settle and extinguish all actions, causes of action, suits, proceedings, damages, claims and rights which the undersigned had or may have against the Releasees.

12. The undersigned also understands and agrees that the consideration contained in this Release and Settlement Agreement is the sole and only consideration for this Release and Settlement Agreement and that no representations, promises or inducements have been made by the Releasees other than as appear in this instrument.

13. The undersigned also declares and acknowledges that they have been represented by counsel concerning this matter, that they have read this Release and Settlement Agreement, and that they fully understand its terms and voluntarily accepts this consideration for purposes of making a full and complete compromise, adjustment and settlement of all claims and potential damages against the Releasees.

14. Further, also in consideration of the payment of the aforesaid sum, Plaintiff warrants, covenants, and attests that she has not been put on notice by any attorney, government unit or agencies or any insurance company of any lien or rights of subrogation because of legal services or the payment of any of my medical and/or hospital expenses. "Plaintiff further warrants,

4

covenants and agrees that, if any such subrogated claims and/or liens are made by any attorney, governmental unit or agencies or any insurance company, she will reimburse said attorney, governmental unit or agencies and/or insurance company in full and that those liens or claims are his sole responsibility and are not in any way the responsibility of the parties herein released. Plaintiff further covenants, warrants, and agrees that she will indemnify and hold harmless the parties herein released from any liability, settlement judgments, litigation expenses, including attorney's fees and court costs, incurred by them, in defending any claims by any attorney, governmental units or agencies and/or insurance companies asserting such liens and/or subrogated rights.

IN WITNESS WHEREOF, I have hereunto set my hand this 1st day of October, 2018.

_____
Cynthia Martin

For the Educational Service Center of Central Ohio
Governing Board,

_____
By: Dr. Tom Goodney, Superintendent

_____
Lynn Brannon

_____
Michael Trego

5

governmental unit or agencies or any insurance company, she will reimburse said attorney, governmental unit or agencies and/or insurance company in full and that those liens or claims are his sole responsibility and are not in any way the responsibility of the parties herein released. Plaintiff further covenants, warrants, and agrees that she will indemnify and hold harmless the parties herein released from any liability, settlement judgments, litigation expenses, including attorney's fees and court costs, incurred by them, in defending any claims by any attorney, governmental units or agencies and/or insurance companies asserting such liens and/or subrogated rights.

   IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, 2018.

_____
Cynthia Martin


For the Educational Service Center of Central Ohio
Governing Board,

_/s/ Dr. Tom Goodney_____
By: Dr. Tom Goodney, Superintendent

_/s/ Lynn Brannon_____
Lynn Brannon

_/s/ Michael Trego_____
Michael Trego

5